I respectfully dissent because I agree with the trial court. By statute, a valid motor vehicle license plate requires the attachment to it of a validation sticker. Rev. Code Sec. 4503.22. The sticker is an intricate part of the license plate and makes the license plate, otherwise a simple piece of metal, valid for its intended purpose. It is the value of the usefulness of the item that is stolen when an identification sticker is stolen. It is not the monetary value of the metal used in the plate that is at issue. To illustrate, it is not uncommon for persons to save their expired license plates and even mount them on garage walls. If one of those plates is stolen, with or without the validation sticker, it would not be a felony of the fifth degree under R.C.2913.71 since the expired plate has only insignificant value. The components of a current plate, however, which include the validation sticker, have value in their utility beyond the dollar and cents value of the materials used. Thus, the theft and subsequent receipt of stolen property which is required for the valid usefulness of a current license plate is described by the statute in question and renders it "property" under the statute, which makes it a felony of the fifth degree.
Seward's argument on appeal based upon the statutory construction maxim would be applicable if the stolen item had been a separate piece of property having some value or utility all by itself, and not as a necessary, intricate part of one of the items listed in the statute. I would affirm.